**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLESEN CONSTRUCTION, INC. | ) | Case No. 06 B 8795 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Pamela Hollis |
| | ) | Hearing: 10-12-06, at 10 a.m. |

**NOTICE OF MOTION**

To:   See attached service list

PLEASE TAKE NOTICE that on Thursday, October 12, 2006, at 10 a.m., I shall appear before the Honorable Pamela Hollis, or any other Judge sitting in her stead, in Courtroom 644, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and shall then and there present the Debtor's **Motion for Order Authorizing and Restricting Use of Cash Collateral,** a copy of which is enclosed and is herewith served upon you.  At which time and place you may appear and be heard.

/s/ Forrest L. Ingram
One of Debtor's attorneys

Forrest L. Ingram #3129032
James Lai, #6284953
Peter L. Berk, #6274567
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 1210
Chicago, IL  60603
(312) 759-2838

**CERTIFICATE OF SERVICE**

I, Forrest L. Ingram, an attorney, certify that I served a true and correct copy of the above and foregoing notice and the document to which it refers on the parties listed on the attached service list, on October 6, 2006, either by electronic filing through ECF or by mail from 79 W. Monroe, Chicago, IL, before the hour of 5 p.m.

/s/ Forrest L. Ingram

## SERVICE LIST

Office of the U.S. Trustee
227 W. Monroe, Suite 3350
Chicago, IL 60605
Fax: (312) 886-5794

David Audley
Chapman and Cutler LLP
111 W Monroe St
Chicago, IL 60603
(312) 845-2971

Bruce Scalambrino
Christopher L Muniz
Scalambrino & Arnoff
33 North Lasalle Street Ste 1210
Chicago, IL 60602
312-629-0545

Dennis E. Quaid
Fagel Haber, LLC
55 E Monroe Street
Suite 4000
Chicago, IL 60190

Cecilia M. Scanlon
Baum, Sigman, Auerbach & Neuman, Ltd.
200 W. Adams Street
Suite 2200
Chicago, IL 60606

American Express Bank FSB
P.O. Box 3001
Malvern PA 19355-0701

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Hon. Pamela Hollis |
| OLESEN CONSTRUCTION, INC. | ) | Case No. 06 B 8795 |
| | ) | |
| Debtor and Debtor in Possession. | ) | |
| | ) | Hearing: 10-12-06, at 10 a.m. |
| _____ | ) | |

**MOTION FOR INTERIM ORDER AUTHORIZING
AND RESTRICTING USE OF CASH COLLATERAL**

NOW COMES the Debtor and Debtor in Possession Olesen Construction, Inc. (the "Debtor"), by and through its attorneys, Forrest L. Ingram, P.C., and moves this Court to enter an order granting it leave to use the cash collateral of Harris Bank, N.A (the "Bank"). In support of this Motion, the Debtor states the following:

1.  The Debtor, Olesen Contruction, Inc., is an Illinois corporation having its principal offices at 4N590 Pathfinder Drive, Elburn, Illinois.

2.  On July 24, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. The Debtor has retained possession of its assets and has continued the operation and management of its business.

3.  The Bank claims a priority lien and security interest on all of the Debtor's pre-petition assets, to secure indebtedness in the total principal amount of $224,551.21, plus accrued interest of $2,165.03 (the "Harris Bank Indebtedness"). The loan and security documents evidencing the Debtor's indebtedness to the Bank and the perfection of its liens upon the Debtor's assets are available for inspection by request at the offices of the attorneys for Harris Bank and the Debtor.

3

4. Initially, the Debtor's records did not indicate that the Bank held the aforementioned secured position, and the Debtor believed it was free to conduct its business without a cash collateral order. After being informed by counsel for the Bank of its status as a secured creditor, the Debtor immediately commenced negotiations with the Bank for an agreement to use cash collateral.

5. An immediate need exists for the Debtor to use cash collateral in order to continue the operations of its business. Pursuant to 11 U.S.C. 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral. The Bank has consented to the Debtor's use of cash collateral provided that the Bank is granted adequate protection pursuant to 11 U.S.C. 361.

6. As adequate protection, the Debtor has agreed to pay Harris Bank $692 per week, beginning on October 9, 2006, until confirmation of the Plan of Reorganization.

7. Further, the Debtor has agreed to grant the Bank a replacement lien (the "Replacement Lien") in a fluctuating amount $50,000 greater than the total Pre-Petition Obligations, of the Debtor's total right, title, and interest in inventory, machinery, furniture and fixtures, accounts receivable, contract rights, general intangibles, and the proceeds thereof. The Replacement Lien shall have the same validity, extent, and priority as Harris Bank's pre-petition lien. The Replacement Lien shall be valid, perfected, and enforceable without any further action by the Debtor or Harris Bank, and without the execution or recordation of any financing statements, security agreements, or other documents.

8. As additional adequate protection, subject to Court approval, the Debtor has agreed to sell a 1998 Manitou forklift, a 1999 Chevrolet Express Van, a 1995 GMC Vandura G3500 Cargo Van, a 1995 Chevrolet Astro Van, and a series of other miscellaneous equipment, and pay the greater of 60% of the proceeds, or $20,000.00, directly to Harris Bank. Pursuant to

11 U.S.C. § 506(c), Harris Bank has agreed that the remaining sale proceeds, if any, shall be carved out for the payment of the professional fees and expenses of Forrest Ingram, P.C., subject to Court approval of same.

9. At all times during the pendency of these Chapter 11 proceedings, the Debtor agrees to maintain insurance covering the full value of its equipment.

10. The Debtor is already maintaining a separate operating account, designated as a Debtor-in-Possession operating account. With the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by the Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account. In the event the Bank claims any payment from the Debtor is overdue, the Debtor requests that the Bank give Debtor's counsel written notice thereof, giving the Debtor fifteen (15) business days after the notice is received to cure the default.

11. In the event the Debtor fails to fully comply with the terms of this Order, including the fifteen (15) business day period to cure any alleged default, or in the event that a valid, final order of confirmation is not entered in these proceedings within one year of the entry of this order, or if the order of confirmation is vacated, reversed, or set aside on review, appeal or otherwise, then, in any of those events, the Debtor agrees that the Bank may, on notice, move to have the stay provided by 11 U.S.C. 362(a) modified to permit the Bank to proceed at once to enforce any and all of its rights as a secured creditor.

12. On a monthly basis, the Debtor agrees to submit by telecopy to Harris Bank, addressed to the attention of Larry Rhum at the Lender's office located at 111 West Monroe Street, 11th Floor, Chicago, Illinois, or as otherwise agreed, the following information: (a) summary account receivable report, and (b) listing of cash receipts.

13. The Debtor also agrees that all payments made pursuant to this Motion shall be timely mailed to Harris Bank at its office located at 111 West Monroe Street, 11th Floor, Chicago, Illinois.

14. The agreements set forth herein are the Debtor's offer of adequate protection to Harris Bank.

WHEREFORE, the Debtor prays for an order in the form attached as an exhibit hereto, granting it leave to use Harris Bank's cash collateral upon the adequate protection terms set forth herein, that the notice of this interim motion be deemed adequate under the circumstances, and that a hearing on the Debtor's final use of cash collateral be set for hearing, and for such other and further relief as the Court deems fair and just in the premises.

Respectfully submitted,
OLESEN CONSTRUCTION, INC.


By:    /s/  Forrest L. Ingram
       One of its attorneys


Forrest L. Ingram #3129032
Peter L. Berk #6274567
James Lai #6284953
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 1210
Chicago, IL 60603-4907
**(312) 759-2858**