IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE OLESEN CONSTRUCTION, INC.  )<br>  )<br>Debtor.  )<br>  )<br>  ) | Chapter 7<br>Case No. 06 B 8795<br>Judge Pamela Hollis |

**MOTION FOR PAYMENT OF SALE PROCEEDS
AND FOR RELIEF FROM STAY**

**NOW COMES** Harris N.A., f/k/a Harris Trust and Savings Bank, for itself and as successor by merger to Harris Bank Batavia, N.A. (*"Harris"*), by and through its attorneys, Chapman and Cutler LLP, and in support of its Motion for Payment of Sale Proceeds and Relief from Stay, respectfully states as follows:

1. On July 24, 2006 (the *"Petition Date"*), the captioned Debtor, Olesen Construction, Inc. (the *"Debtor"*), filed a voluntary Chapter 11 Petition under Title 11 of the United States Code. The case was converted to a Chapter 7 proceeding on February 20, 2007.

2. On or about July 6, 2005, the Debtor executed a Business Loan Agreement with Harris (the *"July 2005 Loan Agreement"*). A true and correct copy of the July 2004 Loan Agreement is attached hereto as *Exhibit A*.

3. On or about November 26, 2004, the Debtor executed a Business Loan Agreement with Harris (the *"November 2004 Loan Agreement"*). A true and correct copy of the November 2004 Loan Agreement is attached hereto as *Exhibit B*.

4. On or about July 30, 2004, the Debtor executed a Promissory Note payable to Harris in the principal amount of $22,875 (the *"July 2004 Note"*). A true and correct copy of the July 2004 Note is attached hereto as *Exhibit C*. The total balance due and owing to Harris on the July 2004 Note as of the Petition Date equals $15,424.57.

5. On or about November 26, 2004, the Debtor executed a Promissory Note payable to Harris in the principal amount of $80,000 (the *"November 2004 Note,"* and together with the July 2004 Note, *the "Notes")*. A true and correct copy of the November 2004 Note is attached hereto as *Exhibit D*. The total balance due and owing to Harris on the November 2004 Note as of the Petition Date equals $62,769.89.

6. On or about January 24, 2003, the Debtor executed a Commercial Security Agreement (the *"Security Agreement"*) granting to Harris a security interest in substantially all of its assets (including the Deposit Account, as defined below, the *"Collateral"*). A true and correct copy of the Security Agreement is attached hereto as *Exhibit E*.

7. Pursuant to the Security Agreement, Harris has a first priority lien on and security interest in substantially all of the assets of the Debtor.

8. On or about May 21, 2002, the Debtor executed an Assignment of Deposit Account in favor of Harris relating to Certificate of Deposit Account No. 2950101979 (the *"Deposit Account"*). A true and correct copy of the Assignment of Deposit Account is attached hereto as *Exhibit F*. The total balance in the Deposit Account as of June 26, 2007 equals $5,625.91.

9. On July 5, 2005, upon application by the Debtor, Harris issued an irrevocable standby letter of credit in the amount of $50,000 in favor of RLI Insurance Company (the *"Letter of Credit"*). A true and correct copy of the Letter of Credit is attached hereto as *Exhibit G*. The Letter of Credit was drawn in September, 2006. Pursuant to the Application and Indemnity Agreement (Standby Letter of Credit) executed by the Debtor in favor of Harris on July 5, 2005 (a true and correct copy of the Application and Indemnity Agreement is attached hereto as *Exhibit H)*, the Debtor is indebted to Harris for the amount of the Letter of Credit. The total balance due and owing to Harris on the Letter of Credit equals $47,432.

10. The Chapter 11 Debtor conducted a sale of certain Collateral pursuant to an Order dated January 16, 2007 (the *"Sale Order"*) (a true and correct copy of the Sale Order is attached hereto as *Exhibit I*). Pursuant to the Sale Order, proceeds of the sale of equipment (the *"Equipment Sale Proceeds"*) are payable to Harris.[1]

11. Harris has filed a proof of claim for the amounts owed to Harris by the Debtor. The value of the Collateral is substantially less than the total debt owed to Harris.

12. By this motion, Harris requests that the Court enter an order, in the form attached hereto as *Exhibit J*, (a) lifting the automatic stay to permit Harris to exercise its rights and remedies against the Collateral, including the set-off of the Deposit Account, and (b) directing the Trustee to pay the Equipment Sale Proceeds to Harris.

13. The Trustee has no objection to the automatic stay relief sought by Harris herein. However, the Trustee asserts that he does not have possession of the Equipment Sale Proceeds. Harris requests that the Trustee take possession of the Equipment Sale Proceeds and pay them over to Harris.

WHEREFORE, Harris N.A. prays for an order:

(a) lifting the automatic stay under section 362 to allow Harris to exercise its rights and remedies against the Collateral, including the set-off of the Deposit Account;

(b) directing the Trustee to take possession of and to pay the Equipment Sale Proceeds to Harris as required by the Sale Order; and

(c) for such further relief as this Court deems just and proper.

---

[1] Harris does not assert a security interest in the vehicles sold pursuant to the Sale Order.

- 4 -

          Respectfully submitted,

          HARRIS N.A.


          By     /s/ Michael T. Benz
                  One of Its Attorneys

David T.B. Audley (ARDC No. 6190602)
Michael T. Benz (ARDC No. 6193310)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000
benz@chapman.com

- 4 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE OLESEN CONSTRUCTION, INC. | ) | Chapter 7 |
|  | ) | Case No. 06 B 8795 |
| Debtor. | ) |  |
|  | ) | Judge Pamela Hollis |
|  | ) |  |

NOTICE OF MOTION

TO:  See Attached Service List

    PLEASE TAKE NOTICE that on August 2, 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard, Harris N.A., by its attorneys, shall appear before The Honorable Judge Pamela Hollis in Room 644 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604 or before any judge who may be sitting in her stead, and request an order granting the attached Motion for Payment of Sale Proceeds and for Relief from Stay.  A copy of the Motion is attached hereto and hereby served upon you.

                                            Respectfully submitted,

                                            HARRIS N.A.


                                      By     /s/ Michael T. Benz
                                                One of Its Attorneys

David T.B. Audley (ARDC No. 6190602)
Michael T. Benz (ARDC No. 6193310)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000
benz@chapman.com

**CERTIFICATE OF SERVICE**

    I, Michael T. Benz, an attorney, certify that I caused a copy of the foregoing Motion for Payment of Sale Proceeds and for Relief from Stay to be served upon the persons and entities listed on the attached Service List by the methods described thereon, and upon the persons and entities who have requested electronic service as part of the Court's CM/ECF System via electronic service, this 25th day of July, 2007.

                                                                                           /s/ Michael T. Benz
                                                                                            Michael T. Benz

**SERVICE LIST**

William T. Neary
OFFICE OF THE U.S. TRUSTEE
227 West Monroe Street, Suite 3350
Chicago, IL  60606

Olesen Construction, Inc.
4N590 Pathfinder Drive
Elburn, IL  60119

Charles J. Myler
MYLER RUDDY & MCTAVISH
105 East Galena Boulevard
8th Floor
Aurora, IL  60505

Forrest L. Ingram
FORREST L. INGRAM, P.C.
79 West Monroe Street, Suite 1210
Chicago, IL  60603